**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0143-20

MICRO TECH TRAINING
CENTER INC. d/b/a EASTERN
INTERNATIONAL COLLEGE
and BASHIR MOHSEN,

     Plaintiffs-Appellants,

v.

DECOTIIS FITZPATRICK &
COLE, LLP and CHASAN
LAMPARELLO MALLON &
CAPPUZZO, PC,

     Defendants-Respondents.

_____

Submitted November 3, 2021 – Decided December 27, 2021

Before Judges Fisher, DeAlmeida and Smith.

On appeal from the Superior Court of New Jersey, Law Division, Essex County, Docket No. L-8652-19.

Peter A. Ouda, attorney for appellants.

Wilson Elser Moskowitz Edelman & Dicker, LLP, attorneys for respondent Chasan Lamparello Mallon &

Cappuzzo, PC (Thomas F. Quinn, of counsel; Susan Karlovich, of counsel and on the brief).

PER CURIAM

Plaintiffs Micro Tech Training Center, Inc. d/b/a Eastern International College and Bashir Mohsen (collectively Micro Tech) appeal from the August 20, 2020 order of the Law Division staying their legal malpractice action against defendant Chasan Lamparello Mallon & Cappuzzo, P.C. (Chasan), and compelling arbitration of their claims. We affirm.

## I.

In 2015, Micro Tech, which operates a college in Jersey City, was sued by its landlord for early termination of its lease. Micro Tech countersued for constructive eviction and loss of revenue and retained defendant DeCotiis Fitzpatrick & Cole, LLP (DeCotiis) to provide legal representation in its dispute with its landlord.

On August 9, 2017, Micro Tech, at the urging of its in-house counsel, retained Chasan to replace DeCotiis as counsel in the dispute. Micro Tech's retainer agreement with Chasan provides in relevant part:

> **12. ARBITRATION.** Should any differences, disagreements or disputes arise between us relating to your representation, we both agree to submit such differences, disagreements or disputes to binding arbitration.

A-0143-20

. . . .

(B) <u>Any Other Disagreements</u>. Should an issue arise between us as to fee dispute [sic] which the Fee Arbitration Committee declines to accept or involving any matter other than a fee dispute, the [sic] we both agree to submit the difference, disagreement or dispute to binding arbitration according to the New Jersey Uniform Arbitration Act, <u>N.J.S.A.</u> 2A:24-1 et seq. An arbitrator shall be chosen by consent of the parties or in accordance with <u>N.J.S.A.</u> 2A:24-5, the fees for which shall be an issue to be determined by the arbitrator. Any arbitration award shall be confirmed by the Superior Court of New Jersey in accordance with <u>N.J.S.A.</u> 2A:24-8, and a judgment entered in accordance with <u>N.J.S.A.</u> 2A:24-10.

By signing this Agreement you acknowledge you have an absolute right in the first instance (and obligation under this Agreement) to submit any fee disputes between us to the appropriate Fee Arbitration [C]ommittee for resolution, and should that method not be available, then you or we have the obligation to submit any fee or other dispute to binding arbitration as set forth in this Section 12B instead of submitting the difference, disagreement or dispute to resolution by the court or through trial by jury. By signing this Agreement you will be deemed to have given your consent to the Alternative Dispute Resolution mechanisms recited in Paragraph 12 and to waive the right to a trial.

3

Client initials signifying approval of this Section 12: _[BM][1]_

. . . .

**13. AGREEMENT.** You have read and agree to this Agreement. We have answered all of your questions and fully explained this Agreement to your complete satisfaction. You have been given a copy of this Agreement.

In 2019, Micro Tech filed a legal malpractice action in the Law Division against DeCotiis and Chasan. In lieu of filing an answer, Chasan moved for an order staying the complaint and compelling arbitration of Micro Tech's claims. Micro Tech opposed the motion, arguing: (1) that legal malpractice claims are not expressly identified in the retainer agreement as being subject to arbitration; and (2) the arbitration provisions of the retainer agreement are invalid because no representative of Chasan orally advised Micro Tech that its legal malpractice claims would be subject to arbitration.

The trial court granted Chasan's motion. In a written opinion, the court concluded that the phrase "any differences, disagreements or disputes arising between us relating to your representation" in the arbitration provisions of the

---

[1] Micro Tech concedes that the retainer agreement contains Mohsen's initials after paragraph 12 and does not dispute his authority to bind Micro Tech to the contract.

retainer agreement plainly included legal malpractice claims. In addition, the court concluded that a specific reference to legal malpractice claims in the retainer agreement was not necessary to put Micro Tech, a sophisticated business with in-house counsel, on notice that those claims were subject to arbitration. The court noted that Micro Tech had the benefit of attorney review of the retainer agreement prior to consenting to its terms and that the arbitration provisions were initialed by Mohsen, a principal of Micro Tech.

An August 20, 2020 order stayed Micro Tech's legal malpractice action against Chasan and referred its claims to arbitration.[2]

This appeal follows. Micro Tech repeats its arguments that the arbitration provisions in the retainer agreement did not put it on notice that legal malpractice claims were subject to arbitration and are unenforceable because Chasan did not advise Micro Tech orally or in a separate writing that its legal malpractice claims would be subject to arbitration.

II.

The holding in Delaney v. Dickey, 244 N.J. 466 (2020), issued after the trial court's decision, resolves the issues raised in this appeal. In that case, the Supreme Court considered the circumstances in which an arbitration provision

---

[2] Micro Tech's claims against DeCotiis remain pending in the Law Division.

in a retainer agreement for legal services is enforceable with respect to legal malpractice claims.  The Court's holding is unequivocal:

> We conclude that the professional and fiduciary obligation imposed on a lawyer by RPC 1.4(c) – to "explain a matter to the extent reasonably necessary to permit the client to make informed decisions regarding the representation" – requires that the lawyer discuss with the client the basic advantages and disadvantages of a provision in a retainer agreement that mandates the arbitration of a future fee dispute or malpractice claim against the attorney.
>
> [Id. at 496.]

Without having provided such advice, an attorney will be precluded from enforcing an arbitration provision in a legal retainer agreement when sued for legal malpractice.  Id. at 501.

The Court was equally clear, however, that its holding would be applied prospectively:

> Because the professional obligation we now impose may not have been reasonably anticipated and would unsettle expectations among lawyers, we apply this new mandate prospectively, with one exception.  Applying the holding of our opinion here is "consistent with the usual rule that the prevailing party who brings a claim that advances the common law receive the benefit of his efforts."  See Estate of Narleski v. Gomes, 244 N.J. 199, 204 (2020).
>
> [Id. at 474.]

6

Thus, apart from the retainer agreement signed by the plaintiff in <u>Delaney</u>, the Court's holding does not apply to retainer agreements, like the one signed by Micro Tech in 2017, executed prior to the Court's December 21, 2020 holding in <u>Delaney</u>.

Micro Tech does not, therefore, enjoy the benefit of the new rule announced in <u>Delaney</u> requiring an attorney to provide advice explaining arbitration provisions in a retainer agreement for legal services. As a result, the trial court correctly rejected Micro Tech's argument that its legal malpractice claims are not subject to arbitration because Chasan failed to explain the arbitration provisions of the retainer agreement.

The holding in <u>Delaney</u> also resolves Micro Tech's argument that the arbitration provisions are unenforceable because they do not specifically list legal malpractice claims as being subject to arbitration. The arbitration provision of the retainer agreement before the court in <u>Delaney</u> applied to "any dispute (including, without limitation, any dispute with respect to the Firm's legal services and/or payment by you of amounts to the Firm)" and "[a]ny disputes arising out of or relating to this agreement or the Firm's engagement by you . . . ." <u>Id.</u> at 475-76. The agreement did not specifically mention legal malpractice claims as being subject to arbitration.

7

The Court held that "[t]he arbitration provision at issue in this case – on its face – would be enforceable if [it] were a typical contract between a commercial vendor and a customer." Id. at 494 (citing Atalese v. U.S. Legal Servs. Grp., L.P., 219 N.J. 430, 444-45 (2014)). The Court held that "if this were an ordinary commercial contract, the term 'any dispute' is broad enough to encompass a dispute about whether the attorney committed legal malpractice." Id. at 498. The only exception to this interpretation of the contract noted by the Court is the attorney's "fiduciary duty to make clear the retainer agreement's terms so that the meaning of those terms is readily apparent to the client." Ibid. However, as noted above, the Court held that the attorney's obligation to provide an explanation will be applied prospectively from the date of the issuance of its opinion in Delaney.

The terms of the Chasan retainer agreement with Micro Tech, applying the arbitration provisions to "any differences, disagreements or disputes arising between us relating to your representation" is as broad, and arguably broader, than the language found by the Delaney Court to apply to legal malpractice claims. Because the attorney advice obligation established in Delaney does not apply to the Micro Tech retainer agreement, its plain language is enforceable and requires arbitration of Micro Tech's legal malpractice claims.

8

To the extent we have not specifically addressed any of Micro Tech's remaining claims, including its contention that the pendency of its claims against DeCotiis should preclude arbitration of its legal malpractice claims against Chasan, we conclude they lack sufficient merit to warrant discussion in a written opinion.  R. 2:11-3(e)(1)(E).[3]

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

---

[3] We offer no opinion with respect to whether a stay of Micro Tech's claims against DeCotiis, if requested by the parties, would be warranted.

A-0143-20